UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOISEY CALDWELL,<br><br>                    Plaintiff,<br><br>          -against-<br><br>SOCIAL SECURITY ADMINISTRATION<br>COMMISSIONER, et al.,<br><br>                    Defendants. | 25-cv-4510 (KHP)<br><br>**ORDER** |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The Court is in receipt of multiple motion filings from the *pro se* Plaintiff, Mr. Boisey Caldwell.  Specifically, Mr. Caldwell has filed: (1) three motions styled as "motion for relief from SSA's perfunctory denial of the Disabled Adult Child Benefit" of Plaintiff's deceased parent (ECF Nos. 18, 22, 25); (2) a motion for summary judgment (ECF No. 26); and (3) a motion to vacate or modify the extension order(s) granted to Defendant at ECF Nos. 20 and 24 (ECF No. 27).

The Court will endeavor to treat the motions filed at ECF Nos. 18, 22, 25, and 26 as one consolidated motion for summary judgment.  As far as this consolidated motion is concerned, the Court respectfully asks Mr. Caldwell not to continue making new motion filings for relief from the denial of his benefits.  New motion filings for relief from the denial of his benefits could delay his case because the Defendant may need additional time to respond.  Mr. Caldwell should rest assured that the Court has received his motions.  But first, the Court needs to receive Defendant's response to these filings, currently due on April 22, 2026.  Then, the Court needs to receive Mr. Caldwell's reply (if any) to the Defendant's response, which is due on May 22, 2026. (ECF No. 24.)  After the motion is submitted, the Court will consider the motion filings and issue a ruling in due course.

Regarding Mr. Caldwell's motion to vacate the extension, he requests that the Court (1) strike the May 22, 2026 deadline for Mr. Caldwell to file a reply; (2) "[d]irect SSA to file its response forthwith"; or (3) "[d]eem the matter fully submitted upon SSA's filing."  While the Court appreciates that Mr. Caldwell appears to be saying he does not need the opportunity to reply, the Court will **deny** the request as stated.  The reason is simple.  The reply deadline exists in this case to allow Mr. Caldwell to have the final word on his motion.  If Mr. Caldwell receives the Defendant's response brief and then decides he will not file any reply, he may file a letter requesting the Court deem the motion submitted at the time that he decides not to file a reply, and the Court will deem the motion submitted and proceed to issue a ruling in due course.  However, the request is premature because the Defendant has not yet opposed.  Thus, the motion to vacate the extension order is **denied**.

**SO ORDERED.**  The Clerk is respectfully directed to mail a copy of this order to the Plaintiff and to terminate the motion at ECF No. 27.

Dated: April 8, 2026
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge