USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY C.,

Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION COMMISSIONER et al.,

Defendants.

**25-CV-4510 (KHP)**

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO REMAND**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff, proceeding pro se, filed this action seeking disabled adult child ("DAC") benefits under § 420(d)(1)(b) of the Social Security Act ("Act"), which were previously denied. *See Caldwell v. Comm'r of Soc. Sec.*, No. 19 Civ. 6534, 2020 WL 6162133 (S.D.N.Y. Oct. 21, 2020), *aff'd,* No. 20 Civ. 4077, 2022 WL 728661 (2d Cir. Mar. 11, 2022). The instant case, his second attempt to obtain DAC benefits, challenges the Commissioner's dismissal of his claim on *res judicata* grounds.

Plaintiff seeks summary judgment in his favor, alleging that he has submitted sufficient evidence of disability, and remand solely for the calculation of benefits. (ECF Nos. 18, 22, 25, 26, 37). The Commissioner has acknowledged that the ALJ failed to address whether the prior decision denying Plaintiff's first claim should be reopened or revised in his opinion denying Plaintiff's second claim on *res judicata* grounds as required by Program Operations Manual System ("POMS") GN 03101.160A. (ECF Nos. 29, 30). Accordingly, the Commissioner's position is that this case should be remanded so that the ALJ can address whether reopening or revision procedures apply. *Id.* The Commissioner does not address this Court's subject matter jurisdiction of an appeal of a claim denied on *res judicata* grounds, an issue that does not

appear to have been addressed by a court within the Second Circuit since the U.S. Supreme Court's decision in *Smith v. Berryhill*—which addressed the issue of what constitutes a reviewable, final decision of the Commissioner and the circumstances under which a district court's jurisdiction is limited by 42 U.S.C. § 405(g). 587 U.S. 471, 488 (2019).

For the reasons set forth below, this Court does not have jurisdiction to conduct the review or grant the relief that Plaintiff seeks. However, the Court has jurisdiction to grant the Commissioner's request to remand insofar as the Commissioner has acknowledged the ALJ's failure to follow its internal procedures and is seeking to self-correct. Accordingly, for the reasons set forth below, this action is dismissed and remanded for the purpose requested by the Commissioner.

## **BACKGROUND**

In July 2016, Plaintiff, who was born in 1964, filed an application for DAC benefits under § 420(d)(1)(b) of the Social Security Act. (ECF No. 10 ("Admin. Record"), at 204–08). He asserted that he had childhood disabilities, including post-traumatic stress disorder ("PTSD") resulting from physical and emotional abuse by his family, bipolar disorder, and a traumatic brain injury, that entitled him to survivor benefits on behalf of his deceased father who passed away in 2013, when Plaintiff was 49 years old. *Id*. The record in his first application for DAC benefits did not include any medical records from the period before Plaintiff was age 22, even though the records were requested by the administrative law judge ("ALJ"). *Id.* The records could not be and were not produced because they were not retained. *Id.* The only medical evidence in the record pertaining to the period before Plaintiff reached age 22 was Plaintiff's self-reported medical history to his psychiatrist, who did not make a retrospective diagnosis

covering the period before Plaintiff turned 22. *Id.* Plaintiff's application for DAC benefits was denied by the ALJ and his request for review by the Appeals Council also was denied. *Id.* at 180.

Thereafter, Plaintiff filed a claim with the U.S. District Court in this District. *See Caldwell v. Comm'r of Soc. Sec.*, No. 19 Civ. 6534, ECF No. 1. The Court found that substantial evidence supported the ALJ's decision to deny benefits because Plaintiff failed to present a disability that arose before he was age 22 or show that he was a minor who was financially dependent on his father at the time of his father's death. *See Caldwell*, 2020 WL 6162133, at *7. The Court also found that the ALJ had properly developed the record insofar as she requested records from Plaintiff's childhood, including from a correctional facility where he was detained from ages 18 to 22. *Id.* Unfortunately, the correctional facility destroyed the records at some point after Plaintiff left that facility. *Id.*; (Admin. Record at 204–08). Further, the Court noted it would be futile to further develop the record because Plaintiff was not a child who was dependent on his father at the time of his father's death—a requirement for DAC benefits. *Caldwell*, 2020 WL 6162133, at *7; *see Astrue v. Capato*, 566 U.S. 541, 546–47 (2012) ("An applicant qualifies for such benefits if [he] meets the Act's definition of 'child,' is unmarried, is below specific age limits (18 or 19) or is under a disability that began prior to 22, and was dependent at the time of the insured's death."); 42 U.S.C. § 402(d)(1). Plaintiff appealed to the U.S. Court of Appeals for the Second Circuit, which affirmed the judgment of the district court. See *Caldwell v. Commissioner of Social Security*, No. 20 Civ. 4077, 2022 WL 728661 (2d Cir. Mar. 11, 2022). The Second Circuit found that the ALJ had satisfied her duty to develop the record and that there was a lack of medical evidence supporting the presence of a disability before age 22. *Id.* It did

not address the issue of whether Plaintiff was his father's dependent child, finding it unnecessary to decide that issue for purposes of the appeal. *Id.*

In July 2022, Plaintiff filed another application for DAC benefits claiming disability beginning October 1, 1980. (Admin. Record at 180–83). That application was denied. *Id.* In October 2023, Plaintiff's application was denied again upon reconsideration. *Id.* at 185–90. Plaintiff requested a hearing before an ALJ, which was granted. *Id.* at 223, 235. The ALJ accepted evidence and allowed the Plaintiff to testify about physical and mental disabilities that developed when he was a child, including his traumatic brain injury and PTSD. *Id.* at 144–54. Ultimately, the ALJ dismissed the claim finding that the doctrine of *res judicata* applied because Plaintiff's application involved the same facts and issues as were involved in his prior application for DAC benefits. *Id.* at 12–14. The ALJ explained that he compared the evidence Plaintiff submitted to determine whether the same facts and issues were involved and that Plaintiff confirmed there were no medical records concerning his care before age 22. *Id.* The ALJ further explained that res judicata barred the claim because there was no new and material evidence to establish a disability before age 22 or determine what limitations to work, if any, existed then, and because there has been no change in statute, regulation, ruling, or legal precedent concerning the facts and issues ruled upon in the prior claim. *Id.* The ALJ did not address whether Social Security rules and regulations regarding reopening and revising prior decisions applied. *Id.* Plaintiff requested an appeal by the Appeals Council, which was denied. *Id.* at 7–8.

Plaintiff then brought the instant action in this Court. (ECF No. 1). Plaintiff requests that summary judgment be granted in his favor and that the case be remanded solely for calculation of benefits. (ECF Nos. 18, 22, 25, 26, 37). The Commissioner argues that remand for calculation

of benefits is not permitted in this case but agrees that remand is appropriate so that the ALJ can address whether reopening and revising of the prior decision applies. (ECF Nos 29, 30).

## <u>**DISCUSSION**</u>

Section 405(g) limits the Court's jurisdiction. The Court may only hear appeals of any final decision of the Commissioner following "a hearing to which [the claimant] was a party, irrespective of the amount in controversy." *Id*. This limitation contains a jurisdictional requirement that the claims be presented to the agency, as well as an administrative exhaustion requirement, which can be waived by the agency or excused by the courts. *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (first citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); then citing *Weinberger v. Salfi*, 422 .S. 749, 767 (1975); and then citing *Bowen v. City of New York*, 476 U.S. 467, 484 (1986)) (finding that the administrative exhaustion requirement could be waived by the agency or excused by the courts).

In *Califano v. Sanders*, the Supreme Court held that a court does not have jurisdiction to review a petition to reopen a prior denial of a claim for benefits because that question is not a final decision of the Commissioner insofar as the decision to reopen is a matter within the agency's discretion and can be rendered without a hearing. 430 U.S. 99, 107-08 (1977). The Court explained that opportunities to reopen final decisions are afforded by regulations, not the Social Security Act, such that, absent a constitutional question, allowing judicial review of such petition would frustrate the purpose of § 405(g). *Id*. (citing 20 CFR 404.951 (1976)). Following *Sanders*, other courts have held that courts do not have subject matter jurisdiction in cases involving a claimant who filed a subsequent application for disability that was denied on *res judicata* grounds. *See, e.g. Harapat v. Califano*, 598 F.2d 474, 477 (8th Cir. 1979) (finding that

the court did not have jurisdiction to review an ALJ decision based on res judicata); *Bagby v. Harris*, 650 F.2d 836, 838 (6th Cir. 1981) (finding that where there was no colorable constitutional claim and the application was denied on the grounds of *res judicata*, "[t]here was nothing to review by the district court"); *Redding v. Apfel*, No. 99 Civ. 3876, 2000 WL 1529805, at *2 (6th Cir. Oct. 6, 2000) ("Absent a colorable constitutional claim, a federal district court has no jurisdiction to review the Commissioner's decision to treat a prior administrative denial as *res judicata*."); *DeLeon v. Sec'y of Health & Human Servs.*, 687 F. Supp. 320, 322 (W.D. Mich. 1987) (same).

Recently, however, the Supreme Court in *Smith* suggested in dicta that judicial review can be appropriate in other circumstances that do not necessarily involve a constitutional question, citing with approval *City of New York v. Heckler*, where the court exercised jurisdiction over an appeal and found that that the agency's actions violated the Act and its own regulations and remanded the case, declining to reach the plaintiffs' constitutional argument. 587 U.S. at 478, n.7 (first citing *Bowen v. City of New York*, 476 U.S. 467, 474–75, n.5, 482–84 (1986); and then citing *City of New York v. Heckler*, 578 F. Supp. 1109, 1124–125 (E.D.N.Y. 1984)). Since *Smith*, courts have found that they have jurisdiction in somewhat similar cases where no constitutional issue appears to have been raised. *See, e.g., Kwasinski v. Kijakazi*, No. 20 Civ. 143, 2022 WL 37176, at *1–2 (N.D. Miss. Jan. 4, 2022) (in a case where claimant failed to request a hearing before an ALJ, the court found that it had subject matter jurisdiction because the agency could and did waive its right to challenge an appeal in federal court pursuant to § 405(g)); *Wilson v. Comm'r of Soc. Sec.*, No. 21 Civ. 10278, 2021 WL 3878252, at *3 (11th Cir. 2021) (finding that the requirements for administrative exhaustion were waived by the

Commissioner and non-jurisdictional such that judicial review was permissible, and the court did not need to make a determination as to whether there had been a final decision under § 405(g)).

Here, the agency's regulations are clear that an ALJ may dismiss a request for a hearing or refuse to consider any issue based on the doctrine of *res judicata*. 20 C.F.R. § 404.957.[1] However, the Program Operations Manual System ("POMS") TN 13 (06-11) GN 03101.160A states that "[i]n all cases where a claimant files a subsequent application and we deny the subsequent application based on *res judicata*, the adjudicator will first consider whether reopening and revising applies." Reopening and revising procedures permit the Commissioner, it its discretion, to reopen or revise a prior adverse decision under specified circumstances. *Califano,* 430 U.S. at 107–08. And, although POMS guidelines are not binding, they do provide guidance for the Court on how the Court and ALJ's should understand the Administration's regulations and decisions. *Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999); *see also Sassower v. Berryhill*, No. 17 Civ. 8257, 2018 WL 7968910, at *4 n.5 (S.D.N.Y. Dec. 13, 2018).

Where the ALJ has failed to make an explicit finding or correctly apply the regulations, the Court may remand the action pursuant to sentence four of § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Here, the Commissioner asserts, and the Court agrees, that the ALJ improperly applied the Administration's regulations for dismissal based on *res judicata* because it did not first address the reopening and revision procedures. 20 C.F.R. § 416.145, 404.957;

[1] *Res judicata* applies where there has been a previous determination or decision about the claimant's rights on the same facts and on the same issue or issues and that previous determination or decision has become final by either administrative or judicial action. *Id.*; *see also* Program Operations Manual Sys., HA 01240.040, 01290.040 (2020) (outlining the process for *res judicata*).

PROGRAM OPERATIONS MANUAL SYS., GN 03101.160 (2018). And, "[f]undamental principles of administrative law . . . teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question." *Smith*, 587 U.S. at 488; see also *Bowen*, 476 U.S. at 485 ("Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context"). For these reasons, it is proper for this Court to exercise jurisdiction under sentence four of § 405(g) for the limited purpose of granting the Commissioner's request for remand so that it can correct its own mistake and evaluate whether reopening or revision procedures apply. The Court, however, is restricted by § 405(g) from doing what Plaintiff requests, that is, to remand for calculation of DAC benefits.[2]

This Court is aware of decisions from outside of this Circuit involving similar facts as those presented here in which courts have found there was no jurisdiction to do anything. *See, e.g.*, *McBryde v. Bisignano*, No. 25 Civ. 277, 2026 WL 310039 (E.D. Ark. Feb. 5, 2026) (finding that even where the Commissioner did not claim judicial review was barred by § 405(g), subject matter jurisdiction is not waivable, and the court could not exercise jurisdiction, absent any meritorious claims of unconstitutionality); *Wickens v. Commissioner of Social Security*, No. 25 Civ. 770, 2026 WL 1308999, at *2–4 (W.D. MI. May 13, 2026) (reiterating the court's finding in *McBryde v. Bisignano* and noting that *Smith* does not control jurisdictional question); *Jackson v. Commissioner*, No. 22 Civ. 272, 2023 WL 4605065, at *2–4 (N.D. Ala. July 18, 2023) (declining to

[2] The Court also notes that remand solely for the calculation of benefits is a rare result that is only appropriate where the record provides persuasive evidence of disability, and the remand would serve no purpose. *Estrella*, 925 F.3d at 98, n.3; *Williams v. Apfel*, 204 F.3d 48, 50 (1999).

exercise jurisdiction over the denial of a claimant's request to reopen a previous determination because there was no constitutional claim presented). However, in these cases there is no indication that the agency failed to follow its own procedures or was requesting remand on its own behalf. Further, those courts did not address the Supreme Court's apparent acknowledgement in *Smith* that there could be situations where subject matter jurisdiction exists even where a constitutional question is not raised. Finally, the Supreme Court has made it clear that the Social Security Act is one that "Congress designed to be 'unusually protective' of claimants," designed to provide recourse when a mistake does occur within the "massive enterprise" of the Social Security Administration. *Smith*, 587 U.S. at 481–82 (first quoting *City of New York*, 476 U.S. at 480)). Although it is unclear whether there will be a change in outcome for Plaintiff, a remand will permit the agency in the first instance to determine whether reopening or revision procedures can apply, consistent with the above legal and policy considerations.

## <u>CONCLUSION</u>

For the above reasons, the Court declines to address Plaintiff's motion because it lacks jurisdiction to do what Plaintiff asks but grants the Commissioner's motion for remand so that it can address whether reopening or revision procedures apply.

**<u>The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 18, 22, 25, 26, 29.</u>**

**SO ORDERED.**

DATED: New York, New York
July 20, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge